# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                      |   |                                   |
|--------------------------------------|---|-----------------------------------|
| **CARLOS ARTURO PATINO-RESTREPO**,   ) |   |                                   |
|                                      ) |   |                                   |
| Plaintiff,                           ) |   |                                   |
|                                      ) |   |                                   |
| v.                                   ) |   | Civil Action No. 14-cv-1866 (TSC) |
|                                      ) |   |                                   |
| **DEPARTMENT OF JUSTICE**, *et al.*, ) |   |                                   |
|                                      ) |   |                                   |
| Defendants.                          ) |   |                                   |

## MEMORANDUM OPINION

Plaintiff Carlos Arturo Patino-Restrepo, who is incarcerated and is proceeding *pro se* in this Freedom of Information Act case, seeks to appeal this court's March 30, 2017 order, ECF No. 23, granting summary judgment to Defendants. Because federal entities are parties to this litigation, the deadline for filing a notice of appeal from the order was May 29, 2017. *See* Fed. R. App. P. 4(a)(1)(B)(ii) (allowing sixty days to appeal an order involving a federal entity). Plaintiff dated his Notice of Appeal May 25, 2017, and the clerk's office stamped the document "received" on June 12, 2017, eighteen days after the appeal deadline had passed. *See* ECF No. 24. The Court of Appeals subsequently ordered Plaintiff to show cause why the appeal should not be dismissed as untimely. *See* ECF No. 28.

Although the case docket indicates that the summary judgment order was mailed to Plaintiff the same day it was entered (March 30, 2017), Plaintiff responded to the Court of Appeals' show cause order with a declaration asserting that he did not receive the district court's order via mail. ECF No. 29, Pls. Decl. n.1. Plaintiff attached to his declaration an "Inmate Request to Staff" form, in which a prison staff member verified that prison records indicated

1

Plaintiff had not received any legal mail between March 30 and April 26, 2017. *Id.* n.1; *id.* Attachment A. Plaintiff explains that the dates on the form cover "the period in which the judgment was entered and would have been forwarded by the Clerk's Office." *Id.* n.1.

Plaintiff does not recall the precise date on which he learned of the March 30 order, and his declaration is confusing in that regard. In one part of the declaration he states: "The notice of appeal is dated May 25, 2017. It is Appellant's belief that this is the date in which the [Electronic Law Library ("ELL")] system was updated during the month of May." *Id.* n.3. In another part of the declaration, he states he is "certain that he received notice" of the March 30 order between May 23 and May 30. *Id.* ¶ 2. Plaintiff claims that the prison where he is located updates the ELL with cases from *Lexis* during the final week of each month, but only with cases published by the twenty-first day of the preceding month. *Id.* n.2. Because this court issued its order after March 21, it was not available on the ELL until the last week of May. *Id.*

After receiving Plaintiff's declaration, the Court of Appeals remanded the case to this court to determine two questions:

1) Whether Plaintiff's notice of appeal and declaration, when considered together, constitute either a Rule 4(a)(5) motion for extension of time to appeal or a Rule 4(a)(6) motion to reopen the time to file an appeal?

2) If so, whether the motion should be granted.

ECF No. 28.

Before addressing these questions, the court notes that the issues raised here may be moot. Applying the "mailbox" rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988), it is unclear whether Plaintiff's Notice of Appeal was untimely. In *Houston*, the court stamped an incarcerated *pro se* plaintiff's notice of appeal "received" one day after the appeal deadline had passed. *Id.* at 268. But prison mail logs established that plaintiff had delivered the notice of

appeal to prison officials within the time-period for filing an appeal. *Id*. at 268-69. Because the plaintiff had no choice but to entrust the forwarding of mail to prison authorities, the court adopted the "mailbox rule," holding that the "notice of appeal was filed at the time [he] delivered it to the prison authorities for forwarding to the court clerk." *Id*. at 275-76 (citing Fed. R. App. P. 4(a)); *cf. Loper v. Reed*, No. 93-5065, 1993 WL 318881, at *1 (D.C. Cir. Aug. 3, 1993) (dismissing appeal for lack of jurisdiction because the notice of appeal was untimely and noting that there was no "evidence that appellant complied with the requirements of *Houston v. Lack* 487 U.S. 266 (1988)").

Applying the mailbox rule here, Plaintiff's Notice of Appeal was timely if he delivered it to prison authorities for forwarding to the court by May 29, 2017. But there is no evidence in the record regarding whether he did so. Accordingly, there is insufficient evidence in the record that Plaintiff's Notice of Appeal was timely.

## A. Federal Rule of Appellate Procedure 4(a)(5): Motion for Extension of Time

Rule 4(a)(5) allows the district court to extend the time for filing an appeal, so long as the motion for the extension is filed within thirty days after the deadline for filing the notice of appeal.[1] Although Plaintiff's Notice of Appeal was date stamped received within thirty days

---

[1] Rule 4(a)(5) provides in relevant part:

> (A) The district court may extend the time to file a notice of appeal if:
>
>    (i)   a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>    (ii)  regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
>                . . . .

3

after the May 29 appeal deadline, Defendants argue that Plaintiff's "notice" of appeal cannot substitute for a Rule 4(a)(5) "motion" seeking an extension of the deadline to appeal.

"[T]his Circuit has not considered the issue," but "eleven circuits have considered whether a notice of appeal can be treated as a motion for extension of time under Rule 4(a)(5) and all have answered in the negative." *Bradac v. Jewell*, No. CV 13-455 (RBW), 2014 WL 12664800, at *1 n.1 (D.D.C. Aug. 20, 2014) (alterations and internal quotation marks omitted) (citing *Hickey v. Scott*, 987 F. Supp. 2d 85, 89 (D.D.C. 2013)); *see United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 863 F. Supp. 2d 18, 20–21 (D.D.C. 2012). Rather than reach a decision on the Rule 4(a)(5) issue here, this court will analyze the facts under Rule 4(a)(6).

## B. Federal Rule of Appellate Procedure 4(a)(6): Reopening the Time to File an Appeal

Rule 4(a)(6) allows the District Court to reopen the time to appeal if:

(A)  "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry";

(B)  "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier"; and

(C)  "the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).

The court finds that no party would be prejudiced by reopening the time to appeal in this case. It further finds that there is sufficient evidence in the record to indicate that Plaintiff did not receive notice of the entry of the judgment by April 20, 2017 (*i.e.*, twenty-one days after the

---

(C)  No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

4

court's summary judgment order), given the prison's response to Plaintiff's Inmate Request to Staff. *See* Pls. Decl., Attachment A.

The remaining question is whether Plaintiff filed a timely motion to reopen the time for appeal. Defendants contend that Plaintiff did not do so, because he did not file a "motion."

The court disagrees. A formal "motion" was not necessary in this case, particularly in light of Plaintiff's *pro se* status, and therefore Plaintiff's Notice of Appeal was sufficient under Rule 4(a)(6). The court is persuaded by the reasoning in *Bradac v. Jewell*, No. CV 13-455 (RBW), 2014 WL 12664800, at *1-2 (D.D.C. Aug. 20, 2014), in which the court entered an order on April 30, 2014 granting the Secretary of Interior's motion to dismiss, but there was no indication on the docket that the clerk of the court mailed the order to the *pro se* plaintiffs. After writing to the court to inquire about the status of their case, plaintiffs learned of the order in early July, which was past the deadline for filing an appeal. *Id*. at *2. Less than fourteen days later, the clerk of the court received several documents from the plaintiffs, including a "petition" asking the Court of Appeals to "redress" the lower court's "errors." *Bradac v. Jewell*, 13-cv-455-RBW, ECF No. 20 p. 6; *see Bradac*, 2014 WL 12664800, at *1-2.

The district court noted that Rule 4(a)(6)'s "liberal provisions for extension of time suggests that notices of appeal filed late because the appellant did not receive notice of the judgment should be treated different (and more favorably) than those filed late for other reasons." *Id*. (quoting *Sanders v. United States*, 113 F.3d 184, 187-88 (11th Cir. 1997)) (alteration omitted). Accordingly, even though the plaintiffs never filed a "motion" to reopen the time for appeal, the district court treated their "petition" as such:

> Because the plaintiffs, through no fault of their own, received notice of the dismissal only recently, and because the plaintiffs attempted to appeal their case within the time limits set forth in Appellate Rule 4(a)(6), justice requires that they be granted the opportunity to appeal this Court's dismissal order if they so desire.

5

*Bradac*, 2014 WL 12664800, at *2. For those same reasons, this court finds that given Plaintiff's representations and supporting documents, justice requires that he be granted an opportunity to appeal this court's order, and therefore the court will treat Plaintiff's Notice of Appeal as a motion (hereinafter "notice/motion") to reopen the time for appeal.

The court's inquiry does not end there, however, because it must also determine whether Plaintiff's notice/motion was timely. The operative deadline here would have been either 180 days after the summary judgment order was entered, or fourteen days after he learned of the order—whichever was earlier. *See* Fed. R. App. P. 4(a)(6)(B). The 180-day deadline was September 26, 2017, while the fourteen-day deadline would have fallen sometime in June 2017.

There is sufficient evidence in the record to find that Plaintiff filed the notice/motion within the requisite fourteen-day period. Plaintiff declared he is "certain that he received notice through ELL" between May 23 and May 30, 2017, Pls. Decl. ¶ 2, thereby making his notice/motion to reopen due in the hands of prison officials no later than June 13, 2017. Because the Court of Appeals stamped the notice/motion received on June 12, it is clear he gave it to prison officials for mailing prior to the June 13 deadline. Likewise, even if he did in fact learn of the order on May 25, 2017 (as he also indicates in his declaration), his notice/motion was timely because he was required to deliver it to prison officials by June 8, which was a Friday. Applying the standard "three-day" rule, the notice/motion should have arrived in the clerk's office as early as June 12 (three business days later) and, in fact, the clerk of the court stamped it "received" on that day.[2]

---

[2] Given the inherent delays attendant to processing and delivering prison mail, as well as potential delays with the United States Postal Service, the court does not necessarily find that the three-day rule applies in all cases.

Accordingly, Plaintiff's Notice of Appeal, which the Court construes as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6), will be GRANTED. Because Plaintiff's Notice of Appeal has already been docketed, the Plaintiff need not refile the Notice in order to comply with his obligations under Rule 4(a)(6).

Dated: September 29, 2018

TANYA S. CHUTKAN  
United States District Judge